894 A.2d 658

IN THE MATTER OF STEPHEN D. LANDFIELD, AN ATTORNEY AT LAW (ATTORNEY NO. 001991984).

March 31, 2006.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–316, concluding that **STEPHEN D. LANDFIELD**, formerly of **MORRIS PLAINS**, who was admitted to the bar of this State in 1984, and who has been suspended from the practice of law since November 1, 2004, pursuant to Orders of the Court filed October 1, 2004, May 12, 2005, and January 27, 2006, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.4(a) (failure to communicate with client), and *RPC* 1.16(d) (failure to return an unearned fee);

And the Disciplinary Review Board further having concluded that respondent's reinstatement to practice should be conditioned

on his satisfaction of the requirements imposed in the Orders of suspension;

And good cause appearing;

It is ORDERED that **STEPHEN D. LANDFIELD** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall not be reinstated to practice until all disciplinary matters pending against him are concluded and until respondent has satisfied all fee arbitration determinations, as ordered by the Court on October 1, 2004, and May 12, 2005; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.